OPINION OF THE COURT
Edward S. Conway, J.
This is a review of an order determining an application for permission to provide coverage, rendered pursuant to subdivision (d) of section 131.4 of the "Administrative Order of the Chief Administrative Judge of the Courts” (22 NYCRR part 131), concerning "Audio-Visual Coverage of Judicial Proceeding”, upon the request of the petitioners.
Pursuant to section 131.5 (b), review as Administrative Judge, I must uphold such order unless it is found that the *907 order reflects an abuse of discretion by the presiding Trial Judge. Pursuant to section 131.5 (d), in this court’s opinion, the Administrative Judge is authorized to review only the presiding Trial Judge’s order pursuant to paragraph (c) of subdivision (3) of section 218 of the Judiciary Law, determining an application for permission to provide coverage of judicial proceedings, and that an Administrative Judge has no review authorization of the contents of the order. The rule states: "shall not authorize review of any other orders or decisions of the presiding trial judge relating to such coverage.” The statute (Judiciary Law § 218 [3] [c]) provides in part: "[s]uch order or determination for initial access shall be subject to review by the appropriate administrative judge.” (Emphasis supplied.)
Therefore, this application to review Judge Dwyer’s determination which barred audio-visual coverage of the testimony of Mrs. Gerilyn Pipino must be denied for lack of authority to review such determination.
The application is therefore denied.